**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATRINA GODBEY, Plaintiff, | : | |
| v. | : | Civil No.: 5:25-cv-04619-JMG |
| CITY OF BETHLEHEM, *et al.* Defendants. | : | |

**ORDER**

**AND NOW**, this 1st day of October, 2026, **IT IS HEREBY ORDERED** as follows:

1. Upon consideration of Defendants' Motion *in Limine* to Preclude Pursuit and Argument of an Unpled Claim (ECF No. 40) and Plaintiff's Opposition (ECF No. 59), **IT IS HEREBY ORDERED** that Defendants' Motion (ECF No. 40) is **GRANTED in part** and **DENIED in part**.[1]

[1] Defendants, Officer Duncan Cahalan, Officer Eric Hammer, Officer Timothy Hogg ("Officer Defendants") move *in limine* to preclude Plaintiff from pursuing an unlawful entry claim because she did not plead there was an unlawful entry claim. *See* Defs.' Br. in Supp. of Mot. *in Lim.* to Preclude Pursuit of an Unpled Claim ("Mot. Preclude Unpled Claim"), at 1 (ECF No. 40). Specifically, Defendants move to preclude Plaintiff from arguing the entry into the house was unlawful and request that the Court instruct the jury that there is no unlawful entry claim. *Id.* at 6-7. Plaintiff argued 1) the Court already held unlawful entry is a right at issue in the case when it denied Defendants' summary judgment motion, 2) the unlawfulness of entry is encompassed within Plaintiff's Fourth Amendment seizure claim (Count 1 of the Amended Complaint), 3) Defendants' concede that the unlawful entry is relevant to the excessive force claim, and 4) if needed, Plaintiff should be granted leave to amend its Amended Complaint to add a count pleading an unlawful entry theory. *See* Pl. Br. In Opp. of Mot. *in Lim*. To Preclude Pursuit and Argument of an Unpled Claim ("Resp. to Mot. Preclude Unpled Claim"), at 5-9 (ECF No. 59).

The Court agrees with Officer Defendants that Plaintiff has not pled an independent claim for unlawful entry. Neither Count 1 (illegal seizure) nor Count 2 (excessive force) of Plaintiff's Amended Complaint mentions unlawful entry as an independent basis for relief, either implicitly or explicitly. *See* ECF No. 18, at 4-6. Plaintiff pled claims based on alleged excessive force—not unlawful entry. The lack of a warrant is relevant to determining whether, considering the totality of the circumstances, Officer Defendants used excessive force against Plaintiff. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (per curiam) ("When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against

2. Upon consideration of Plaintiff's Motion *in Limine* No. 1 to Preclude Evidence and Argument that the Warrantless Entry or the Use of Force was Justified by Facts Learned After the Door was Force Open ("Motion *in Limine* No. 1") (ECF No. 44) and Defendants' Opposition (ECF No. 54), **IT IS HEREBY ORDERED** that Plaintiff's Motion (ECF No. 44) is **GRANTED in part** and **DENIED in part**.[2]

---

unreasonable seizures."); *Ciaccio v. Upper Saucon Twp.*, No. 5:23-CV-02863-JDW, 2025 WL 1268689, at *5 (E.D. Pa. May 1, 2025), appeal dismissed sub nom. *Ciaccio v. Twp. of Upper Saucon*, No. 25-1978, 2025 WL 3458878 (3d Cir. Oct. 3, 2025) ("It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." (citation modified)). But the opportunity to bring an unlawful entry claim has long passed, and to the extent Plaintiff is moving to amend the Amended Complaint to add an unlawful entry claim, the Court will not entertain such a motion at this late juncture. Plaintiff's cited authority, *Adams v. Gould, Inc.*, does not persuade the Court otherwise. There, the Third Circuit considered an "unusual situation" where "the legal theory of complaint is rejected by the court on a motion for summary judgment, but where an alternative theory has been raised which, on the same facts, is legally sufficient." 739 F.2d 858, 868-69 (3d Cir. 1984). That is not the case here.

However, Defendants agree that evidence of an unlawful entry is relevant to Plaintiff's excessive force claim. *See* Mot. Preclude Unpled Claim, at 7 n.3 ("Defendants do not oppose argument by counsel or instruction by the Court that the manner and timing of the entry may be considered under the totality of circumstances when assessing the excessive force claim.").

Accordingly, Officer Defendants' Motion (ECF No. 40) is **GRANTED** insofar as Plaintiff is precluded from arguing that unlawful entry constitutes an independent claim upon which relief may be granted but the Motion is **DENIED** insofar as Officer Defendants move to preclude Plaintiff from presenting evidence of an unlawful entry to prove that the Officer Defendants used excessive force. To the extent necessary, the parties may provide the Court a limiting instruction in a timely manner.

[2] Plaintiff moves *in limine* to preclude Defendants from introducing evidence that was acquired after entering the home—namely, that Officer Defendants found her husband, Scott Godbey, in the kitchen when he was prohibited from being at the home, he assaulted Plaintiff, and he pled guilty to simple assault—because it is not evidence of reasonableness. *See* Mot. *in Lim.* No. 1, at 4-5. She further argues that Mr. Godbey's guilty plea is independently inadmissible under Federal Rules of Evidence 803(22), 804(b)(3), 609, and 403. *See id.* at 6-8. Defendants agree that after-acquired information cannot be the basis of liability but contend it is relevant to damages. *See* Defs.' Opp'n to Pl.'s Mot. *in Lim.* No. 1, at 2. Moreover, Defendants agree that Mr. Godbey's conviction may be inadmissible "in a vacuum," but it is relevant for impeachment purposes and to demonstrate "serious turmoil within Plaintiff's family" which bears on her claimed emotional distress. *See id.* at 3.

The Court agrees that the after-acquired information is relevant to Plaintiff's damages and is admissible for that purpose. But as the parties recognize, it is inadmissible for establishing liability. Evidence of Mr. Godbey's conviction, however, is inadmissible under Rule 403. If

3. Upon consideration of Plaintiff's Motion *in Limine* No. 2 to Preclude Expert Testimony Offered by or on Behalf of Defendants ("Motion *in Limine* No. 2") (ECF No. 45), Defendants' Opposition (ECF No. 55), Plaintiff's Motion *in Limine* No. 3 to Preclude Officer Defendants from Offering Opinion Testimony on the Legality or Reasonableness of Their Own Conduct (ECF No. 46) and Defendants' Opposition (ECF No. 56), **IT IS HEREBY ORDERED** that Plaintiff's Motions (ECF Nos. 45 and 46) are **GRANTED**.[3]

4. Upon consideration of Plaintiff's Motion *in Limine* No. 4 to Limit Evidence of Prior Police Calls to Plaintiff's Residence (ECF No. 47) and Defendants' Opposition (ECF No. 57), **IT IS HEREBY ORDERED** that Plaintiff's Motion (ECF No. 47) is **GRANTED in part** and **DENIED in part**.[4]

---

Defendants believe that Plaintiff opened the door to introducing the conviction, the Court expects them to ask the Court to approach at sidebar.

[3] The Court addresses Plaintiff's Motions *in Limine* Nos. 2 and 3 together, as they both address opinion testimony. Plaintiff moves *in limine* to preclude Defendants from offering expert testimony during trial because they never disclosed any experts. *See generally* Mem. of L. in Supp. of Mot. *in Lim.* No. 2. She also moves *in limine* to preclude Officer Defendants from explaining the legal significance of "objectively reasonable," "exigent circumstances," and "probable cause" because, she argues, such testimony is prohibited by Federal Rule of Evidence 704(a). *See* Mem. of L. in Supp. of Mot. *in Lim.* No. 3, at 1. However, Plaintiff states she does not seek to preclude Officer Defendants from testifying what they observed or to their understandings. *See id.* at 2.

Defendants acknowledge that they did not identify an expert. *See* Defs.' Opp'n to Pl.'s Mot. *in Lim.* No. 2, at 2. Defendants represent they previously agreed that the individual officers would not provide "opinion" testimony under Rules 701 or 702. *See id.* Likewise, Defendants agree that Officer Defendants cannot testify to the legal standards. *See* Defs.' Opp'n to Pl.'s Mot. *in Lim.* No. 3, at 2. However, Defendants maintain that they can testify about why they took certain actions, their personal observations, their training, etc. *See id.* Defendants also note that any concerns can be cured by instructing the jury that neither Plaintiff nor Officer Defendants are experts or are presenting expert opinions. *See id.*

The Court agrees with both parties. The Court will grant Plaintiffs' motions, insofar as Defendants—and Plaintiff—cannot introduce expert testimony or testify as to the legal standards. The parties may provide the Court a limiting instruction in a timely manner.

[4] Plaintiff moves *in limine* to preclude the underlying call history, the number and details of prior incidents, and any argument that they excused Officer Defendants from entering the home without a warrant. *See* Mem. of L. in Supp. of Pl.'s Mot. in Lim. No. 4, at 1. She contends that any evidence of prior calls should be confined to what each officer knew before entry to Plaintiff's

5. Upon consideration of Plaintiff's Motion *in Limine* No. 5 for an Order Requiring a Proffer Outside the Presence of the Jury Before Scott Godbey is Called as a Witness (ECF No. 48) and Defendants' Opposition to Plaintiff's Motion *in Limine* No. 5 (ECF No. 58), **IT IS HEREBY ORDERED** that Platiniff's Motion (ECF No. 48) is **DENIED**.[5]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

home. *See id.* at 2. Plaintiff also seeks to preclude Defendants from arguing that the call history created exigent circumstances or to use the call history as character evidence against Plaintiff. *See id.* Defendants generally agree that the officers cannot testify outside their personal knowledge but note that this includes information such as their knowledge of prior calls as well as any information one officer learned from another. *See* Defs.' Opp'n to Pl.'s Mot. *in Lim.* No. 4, at 2. Defendant also notes that to the extent the testimony is admissible for some purposes but not others, this issue can be cured by a limiting instruction by the Court. *See id.* at 3.

The Court agrees with both parties that the officers can testify as to their personal knowledge which necessarily includes any knowledge they may have about prior dispatch calls made to Plaintiff's address. Therefore, Plaintiffs' motion is granted insofar as Officer Defendants' testimony is limited to their personal knowledge. To the extent Plaintiff is seeking to further limit such testimony because it is not relevant to, *e.g.*, exigent circumstances, the motion is denied. An officers' knowledge of prior dispatch calls – including potentially the specifics of these calls – is relevant to whether, considering the totality of the circumstances, Officer Defendants used excessive force against Plaintiff.

[5] Plaintiff asks the Court for an Order, requiring Defendants to proffer outside of the jury's presence before Mr. Godbey is called to the stand to testify. *See generally* Mem. of L. in Supp. of Pl.'s Mot. in Lim. No. 5. Defendant contends that they should not be required to provide Plaintiff a script ahead of time, but nevertheless, they will be taking a trial deposition of Mr. Godbey because he is currently incarcerated. *See* Defs.' Opp'n to Pl.'s Mot. *in Lim.* No. 5, at 2.

The Court agrees with Defendants and will deny the motion. However, the Court reminds the parties that their deposition objections were due on August 27, 2026. To date, none have been filed. Provided that the parties have good cause for filing untimely deposition objections, the Court must have those objections by Monday, October 5, 2026.